**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PODRAVKA USA, INC. and FOOD PROCESSING INDUSTRY d/b/a PODRAVKA d.d., <br><br>                    Plaintiffs, <br><br>       v. <br><br> BROOKLYN IMPORTS, INC., <br><br>                   Defendants. | Civil Action No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> Jury Trial Demanded |

Plaintiffs Podravka USA, Inc. ("Podravka USA") and Food Processing Industry d/b/a

Podravka d.d. ("Podravka") (collectively, "Plaintiffs"), by and through the undersigned counsel, the

Law Offices of Alison Greenberg, LLC, hereby bring this complaint against Brooklyn Imports, Inc.

("Defendant"), and allege as follows:

**PARTIES, JURISDICITON AND VENUE**

1.     Podravka is a corporation organized and existing under the laws of Croatia, with a

principal place of business located at Ante Starcevica 32, Koprivnica 48000, Croatia.

2.     Podravka USA is a corporation organized and existing under the laws of the State of

New York, with a principal place of business located at 420 Lexington Avenue, 2031, New York,

New York 10170.

3.     Defendant is a corporation organized and existing under the laws of the State of New

York, with a principal place of business located at 175 Broad Street, Carlstadt, New Jersey.

4.     This is an action for trademark infringement under 15 U.S.C. §1114, false designation

of origin under 15 U.S.C. §1125(1)(A), and supplemental state causes of action.

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because this matter involves questions of federal law under the Lanham Act.

6.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the state claims arising from a common nucleus of operative facts.

7.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) and (c)(2) because Defendant resides in this District, conducts business in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

8.      This Court has personal jurisdiction over Defendant because it availed itself of the economic opportunities of doing business in the State of New Jersey, has a principal place of business in New Jersey and committed the wrongdoings alleged herein in this District.

## FACTS COMMON TO ALL CLAIMS

9.      Podravka USA is a subsidiary of Podravka, the owner of the world-famous VEGETA brand seasoning, which enjoys substantial recognition and goodwill worldwide including in the United States.

10.     Podravka owns numerous United States trademark registrations for the marks VEGETA, PODRAVKA and related branding (collectively, the "Podravka Marks"), including those identified below:

## Podravka U.S. Trademark Registrations

| Mark | Serial No. | Reg. No. | Reg. Date |
|---|---|---|---|
| **VEGETA** <br> **VEGETA** | 73621207 | 1471552 | 1988-01-05 |

| | | | |
|---|---|---|---|
| <br>**VEGETA PODRAVKA** | 78580320 | 3169858 | 2006-11-07 |
| <br>**VEGETA** | 87278814 | 5592882 | 2018-10-30 |
| **WITH VEGETA DISHES TASTE BETTER** | 75497239 | 2274148 | 1999-08-31 |
| <br>**PODRAVKA** | 79191520 | 5135167 | 2017-02-07 |
| | 76380362 | 2789495 | 2003-12-02 |

11. Podravka first imported Podravka products to the United States in 1991.

12. The Podravka Marks first became registered with the U.S. Trademark Office as early as 1998 for VEGETA and 2003 for PODRAVKA.

13. The Podravka Marks are owned exclusively by Podravka.

3

14.    Podravka has granted to Podravka USA the exclusive right to distribute and sell Podravka goods throughout the United States, including the State of New Jersey.

15.    The Podravka Marks are valid, subsisting and constitute conclusive evidence of Podravka's exclusive rights in the Podravka Marks in connection with seasoning products.

16.    Through decades of use, advertising and controlled distribution, Podravka has developed significant goodwill in the VEGETA and PODRAVKA brands, which consumers recognize as sources of high-quality seasoning products and other goods.

17.    In the United States, Podravka distributes its products through authorized channels using packaging that complies with U.S. regulatory and labeling requirements, including English-language labeling and market-specific product configurations.

18.    Podravka strictly controls the distribution of its products in the United States through authorized distributors to ensure compliance with applicable laws and to maintain the integrity and reputation of the VEGETA and PODRAVKA brands.

19.    If a company wishes to sell Podravka products in the United States, it must do so through authorized distribution channels.

20.    Defendant has been importing into the U.S. and offering for sale VEGETA brand seasoning products intended exclusively for the Polish market, including products bearing Polish-language labeling (the "Unauthorized Products").

21.    Below are images of five (5) representative examples of the Unauthorized Products:

4

## Unauthorized Products











22. Defendant's importation and sale of Unauthorized Products is not authorized by Podravka and occurs entirely outside Podravka's controlled U.S. distribution network.

23. Podravka USA sent Defendant multiple letters objecting to Defendant's similar improper importation and sale of VEGETA products intended for the Polish market.

24. Plaintiff wrote to Defendant more recently on March 30, 2026, notifying Defendant of and objecting to Defendant's continued and new violations.

25. Despite the clear notices and objections from Podravka USA, Defendant has continued to import, market and sell Unauthorized Products, both identified herein and beyond, in the U.S.

26. Defendant's ongoing conduct is therefore knowing, deliberate and willful.

27. In addition, the Unauthorized Products currently being imported and sold by Defendant have, and continue to bear incorrect and non-compliant labeling.

28. The specific labeling errors previously identified by Podravka USA in writing to Defendant were different but the underlying issues remains unchanged:  the products distributed and sold by Defendant are not labeled in accordance with U.S. requirements and have been altered or supplemented in a manner that is inaccurate and misleading.

29. Defendant's conduct creates a substantial likelihood of consumer confusion and deception and constitutes a willful disregard of Plaintiffs' rights.

30. The Unauthorized Products are materially different from those intended for sale in the United States, including but not limited to differences in labeling, sizes, and market-specific product representation.  These differences are likely to mislead consumers and damage Prodravka's brand reputation and quality controls.

9

31. The unauthorized importation and sale of materially different "gray market" goods constitutes trademark infringement and false designation of origin in violation of the Lanham Act.

**COUNT I**
**Violation of 15 U.S.C. §1125(a)**
**Federal Unfair Competition and False Designation of Origin**

32. Plaintiffs reallege and reincorporate the allegations set forth in the preceding paragraphs as is if set forth fully herein.

33. Podravka has valid marks, to wit, the Podravka Marks.

34. Podravka has exclusive ownership of the Podravka Marks.

35. Defendant's unauthorized use in commerce of the Podravka Marks, as alleged herein, has and is likely to deceive consumers as to the origin, source, sponsorship or affiliation of Defendant's goods and has and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are manufactured, imported, sold, authorized, endorsed or sponsored by Plaintiffs, or that Defendant is some way affiliated with or sponsored by Plaintiffs.

36. Defendant's unauthorized use in commerce of the Podravka Marks, as alleged herein, constitutes use of a false designation of origin and misleading description and representation of fact.

37. Given Defendant's refusal to heed Podravka USA's multiple written notices and warnings, referenced supra, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant with Plaintiffs.

38.    Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court.

39.    This continuing harm caused by Defendant cannot be calculated and thus constitutes irreparable harm and injury for which Plaintiffs have no adequate remedy at law.

**COUNT II**
**Violation of 15 U.S.C. §1125(c), Lanham Act**
**Trademark Dilution**

40.    Plaintiffs reallege and reincorporate the allegations set forth in the preceding paragraphs as is if set forth fully herein.

41.    VEGETA and PODRAVKA are famous and distinctive in the market and are entitled to protection against dilution by tarnishment.

42.    VEGETA and PODRAVKA name and marks have played a prominent role in Podravka USA's marketing in New Jersey.

43.    Defendant commenced use of the Podravka Marks in commerce after they became famous and distinctive.

44.    By using the Podravka name and marks in connection with Defendant's business in a manner in which consumers are deceived as to the nature of the products and services provided, the origin of those services and the charges for those services, the Defendant has injured and will continue to injure Plaintiffs' business reputation, has tarnished the distinctive quality of the Podravka Marks and goodwill, and has lessened the capacity of Plaintiffs' famous name and marks to identify and distinguish goods and services, in violation of 15 U.S.C. §1125(a)

11

45.    Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiffs, and to their goodwill and reputation, and will continue to both damage Plaintiffs and confuse the public unless enjoined by this court.

46.    As a result of Defendant's dilution of the Podravka Marks, Plaintiffs have suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Plaintiffs in the Podravka Marks. This continuing loss of goodwill cannot be calculated and thus constitutes irreparable harm and injury for which Plaintiffs have no adequate remedy at law.

## COUNT III
**Unlawful Misappropriation of Name, Brand, Trademark, Reputation or Goodwill**
**New Jersey's Fair Trade Act, *N.J.S.A.* §56:4-1, *et seq*.**

47.    Plaintiffs reallege and reincorporate the allegations set forth in the preceding paragraphs as is if set forth fully herein.

48.    Podravka has valid and complete trademark rights in the Podravka Marks, including the logo for same, consisting of a particular layout, font and artwork.

49.    The Podravka Marks are registered marks.

50.    Defendant has used the marks in commerce in connection with the sale, distribution or advertising of food in the same New Jersey communities as Podravka USA and without the authorization or consent of Podravka, who owns the mark, and against the written objections of Podravka USA, an authorized importer and distributor of Podravka branded materials.

51.    Defendant has used the Unauthorized Marks in a manner that constitutes trademark and service mark infringement and unfair competition in violation of N.J.S.A. 56:3-13.16.

12

52.     By trading on Podravka's well-established mark, Defendant has improperly sought to take commercial advantage of the goodwill and reputation of Plaintiffs.

53.     Defendant has reproduced, counterfeited, copied or colorably imitated the same mark owed by Podravka and applied such reproduction, counterfeits, copies or colorable imitation to advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution or advertising of goods without the authorization of or consent of Plaintiffs.

54.     The foregoing unauthorized use of the Podravka Marks is likely to cause confusion, to cause mistake or to deceive.

55.     Defendant has committed the acts complained of herein with knowledge that the Podravka Marks are owned by Podravka and that such use of the Unauthorized Marks is likely to cause confusion, or to cause mistake, or to deceive.

56.     Defendant's aforementioned use of the Unauthorized Marks constitutes a demonstrated and immediate threat of irreparable harm to Plaintiffs and damages to Plaintiffs' goodwill and reputation.

57.     The damage caused and to be caused by Defendant's behavior cannot be remedied at law.

58.     Defendant's conduct constitutes intentional trademark infringement and unfair competition in violation of *N.J.S.A.* 56:4-1, et seq.

13

**COUNT IV**
**Unfair Competition**
**Common Law and *N.J.S.A.* §54:5-1, *et seq*.**

59.     Plaintiffs reallege and reincorporate the allegations set forth in the preceding paragraphs as is if set forth fully herein.

60.     Plaintiffs first commercially used VEGETA no later than 1959 and PODRAVKA no later than 1948.   The export of VEGETA and other Podravka products from Croation to the United States commenced in or about 1991.  As a result of the continued use of the Podravka Marks, they have become widely known and Plaintiffs have become identified in the public mind as the distributor of the product to which it applied.

61.     As a result of Podravka USA's experience, care and skill in importing and selling goods with the Podravka Marks, those goods and services have become widely known and acquired a reputation for excellence.

62.     Defendant, with intentional disregard of Plaintiffs' rights, has traded on Plaintiffs' longstanding and hard-earned goodwill inherent in the Podravka Marks and the reputation established by Podravka in connection with goods and services.

63.     Defendant is intentionally misleading the public into believing that its goods and services are affiliated with Podravka, thereby depriving Plaintiffs of the benefit of the goodwill attached to its products.  Such conduct constitutes unfair competition.

64.     Defendant's behavior has caused and will continue to cause Plaintiffs damage that cannot be remedied at law.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiffs respectfully request that the Court grant against defendant Brooklyn Imports, Inc., the following relief:

a.  Entering a preliminary and permanent injunction against Defendant preventing it from utilizing the Podravka Marks;

b.  Requiring Defendant to deliver up for destruction all tangible items bearing the Podravka Marks, Unauthorized Marks, and other materials, including but not limited to, banners, business cards, letterheads, photographs, brochures, packaging, flyers, advertisements, electronic images, signs and labels;

c.  Compensatory, treble and punitive damages;

d.  An accounting, an award of wrongful profits obtained by defendant, and to be obtained, and lost profits;

e.  attorneys' fees, costs; and

f.  such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed.R.Civ.Pro. 38, Plaintiffs request a trial by jury on all issues so triable.

## CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action

pending in this or any other court.

> **LAW OFFICES OF**
> **ALISON GREENBERG, LLC**
>
> By: __/s/ Alison G. Greenberg__
>     Alison G. Greenberg, Esq.- NJ 035111997
>     1115 Broadway
>     12th Floor
>     New York, NY 10010
>     Phone: (646) 375-2039
>     Fax: (646) 289-3880
>     E-mail: alison@Agreenberglaw.com
>
>
>     *Attorneys for Plaintiffs*
>      *Podravka d.d.*
>     *Podravka USA, Inc.*

Dated: June 16, 2026

.

16